Citation Nr: 1761220 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 11-14 713 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for arthritis of the bilateral knees, to include as secondary to service-connected Osgood-Schlatter's disease. 

2. Entitlement to service connection for arthritis of the bilateral hips, to include as secondary to service-connected Osgood-Schlatter's disease. 


REPRESENTATION

Veteran represented by: Kenneth L. LaVan, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

M. Thompson, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Army from June 1969 to January 1972. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

The Veteran testified at a videoconference hearing before a Veterans Law Judge (VLJ) in December 2014. A transcript of that hearing has been associated with the claims file. However, the VLJ who held that hearing is no longer employed by the Board. In an October 2017 correspondence, the Board provided the Veteran an opportunity to appear before another VLJ at a new Board hearing. See 38 C.F.R. § 20.707. In a December 2017 response, Veteran indicated that he would like to proceed with the appeal without a new Board hearing.

This matter was remanded by the Board in December 2015 for further development and has since been returned to the Board for appellate review. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although further delay is regrettable, remand is necessary to secure outstanding relevant VA treatment records, and an adequate VA opinion or, if necessary, a new examination. When VA undertakes to provide an examination or obtain an opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). 

The Veteran underwent a VA examination for his bilateral knees and bilateral hips in April 2017. In relation to the bilateral knees, the examiner did not note osteoarthritis as a current diagnosis, despite the Veteran being diagnosed in May 2009 in private treatment records. Rather, the examiner noted that x-ray study of the Veteran's knees "do not demonstrate significant degenerative arthritis of either knee." Further, the examiner's rationale in support of the negative opinion did not address the Veteran's statements that he had suffered from bilateral knee pain since his discharge from active service or contain an explanation that includes reference to service treatment records, post-service treatment records, or the principles of direct and secondary service connection. 

In regards to the bilateral hips, the examiner's opinion concludes that the Veteran's Osgood-Schlatter's disease likely made the Veteran's arthritis of the bilateral hips progress "less rapidly" than it would otherwise have done, due to his "reduced activity level" brought about by the Osgood-Schlatter's disease. However, the examiner did not actually address whether the Veteran's Osgood-Schlatter's disease itself either caused or aggravated the Veteran's arthritis of the bilateral hips. 

Therefore, the Board finds that a remand is necessary to obtain an addendum opinion or, if necessary, a new examination based on a full reading of the medical record, consideration of the Veteran's statements, and consideration of direct and secondary service connection. 

Accordingly, the case is REMANDED for the following action:

1. Contact the appropriate VA Medical Center and obtain and associate with the claims file all outstanding records of treatment from April 2016 onward. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must clearly be documented in the claims file. Efforts to obtain these records must continue until it is determined that they do not exist or that further attempts to obtain them would be futile. The non-existence or unavailability of such records must be verified and this should be documented for the record. Required notice must be provided to the Veteran and his or her representative. 

2. Following completion of the above, contact the examiner that performed the April 2017 VA examination if available, or another appropriate medical professional if necessary, and obtain an addendum opinion to determine the etiology of the Veteran's bilateral knee and bilateral hip disabilities. If an addendum would be insufficient to provide an adequate opinion, afford the Veteran a new VA examination. The claims folder must be made available to the examiner for review in connection with the examination, and the examiner must acknowledge such review in the examination report. The examiner should address the following:

Bilateral Knees-The examiner must:

(a) Identify all disorders of the Veteran's bilateral knees (excluding Osgood-Schlatter's disease and bilateral patellar tendinitis).

(b) Make a medical finding as to whether there is arthritis of the Veteran's bilateral knees, including whether x-ray study shows arthritis of the knees. If it is determined that the Veteran has arthritis of the left and/or right knee, provide a medical opinion as to whether it is at least as likely as not (50 percent or greater probability) that such arthritis manifested within one year of separation from active service in January 1972. If no arthritis is found, the examiner must reconcile that conclusion with the May 2009 diagnosis of bilateral knee arthritis.

(c) Provide a medical opinion as to whether it is at least as likely as not that any identified knee disorder (other than Osgood-Schlatter's disease and patellar tendinitis) of the Veteran's knees had its onset during or was otherwise caused by his active service. The examiner must discuss the Veteran's credible contentions of ongoing knee pain since service.

(d) For each identified knee disorder, if the answer to question (c) is "No," then the examiner must provide an opinion as to whether it is at least as likely as not that the disorder is proximately due to or the result of the Veteran's service-connected Osgood-Schlatter's disease of the bilateral knees. 

(e) For each identified knee disorder, if the answer to question (d) is "No," then the examiner must provide an opinion as to whether it is at least as likely as not that the Veteran's service-connected Osgood-Schlatter's disease of the bilateral knees aggravated the knee disorder. In this context, "aggravation" has occurred when it has been medically determined that the claimed condition has undergone an identifiable permanent increase in severity that was proximately due to or the result of service-connected Osgood-Schlatter's disease of the bilateral knees.

Bilateral Hips-The examiner must:

(a) Identify all disorders of the Veteran's bilateral hips.

(b) Make a medical finding as to whether there is arthritis of the Veteran's bilateral hips, including whether x-ray study shows arthritis of the hips. If it is determined that the Veteran has arthritis of the left and/or right hip, provide a medical opinion as to whether it is at least as likely as not (50 percent or greater probability) that such arthritis manifested within one year of separation from active service in January 1972. 

(c) Provide a medical opinion as to whether it is as likely as not that any identified bilateral hip disorder had its onset during or was otherwise caused by his active service.

(d) For each identified hip disorder, if the answer to question (c) is "No," then the examiner must provide an opinion as to whether it is at least as likely as not that the disorder is proximately due to or the result of the Veteran's service-connected Osgood-Schlatter's disease of the bilateral knees. 

(e) For each identified hip disorder, if the answer to question (d) is "No," then the examiner must provide an opinion as to whether it is at least as likely as not that the Veteran's service-connected Osgood-Schlatter's disease of the bilateral knees aggravated the hip disorder. In this context, "aggravation" has occurred when it has been medically determined that the claimed condition has undergone an identifiable permanent increase in severity that was proximately due to or the result of service-connected Osgood-Schlatter's disease of the bilateral knees.

A complete rationale must be given for all opinions and conclusions expressed. If the examiner cannot provide an opinion without resort to speculation, he or she should provide an explanation as to why this is so and whether there is additional evidence that would permit the opinion to be provided.

The examiner is advised that the Veteran is competent to report injuries and symptoms and that his reports must be considered in formulating the requested opinions. If his reports are discounted, the examiner should provide a reason for doing so.

3. Review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

4. After completing the above action, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claim must be readjudicated. If the claim remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




_________________________________________________
CAROLINE B. FLEMING
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).